UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK O. WILLIAMS,<br><br>   Petitioner,<br><br>  v.<br><br>RAFAEL ZUNIGA,<br><br>   Respondent. | Case No.: 1:15-cv-01208-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN 21 DAYS<br><br>ORDER DIRECTING THE CLERK OF THE COURT TO ASSIGN A DISTRICT JUDGE TO CASE |

  In this action, Petitioner challenges his 2006 sentence, imposed by the United States District Court for the District of Alaska, for various federal drug charges and his resulting sentence incarcerating him for 264 months. (Doc. 1, p. 2) Petitioner appealed his conviction and sentence but the Ninth Circuit affirmed both. (Id.). Similarly, the United States Supreme Court denied his petition for certiorari. (Id.)

  Petitioner alleges that he has filed two previous motions pursuant to § 2255 in the sentencing court, seeking reconsideration of his sentence and conviction in 2009 and 2012. (Doc. 1, p. 4). Both motions were denied. (Id.). Petitioner maintains that he is entitled to bring this action as a § 2241 habeas petition under the savings clause of § 2255. The Court disagrees and recommends that the matter be **DISMISSED** due to a lack of jurisdiction.

## I. DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and only in the sentencing court. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

Title 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner's allegations in his petition, i.e., that there was insufficient evidence to support his conviction and that his sentence included punishment for conduct as to which he was acquitted, constitute a challenge to the conviction and/or sentence imposed, not to the administration of that sentence. Thus, the proper vehicle for challenging such a mistake is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas corpus petition.

Nevertheless, there is a limited circumstance in which a federal prisoner may seek relief under § 2241. This relief is available only if he can show that the remedy available under § 2255 is

"inadequate or ineffective to test the validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has recognized that this is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); Holland v. Pontesso, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If the petitioner fails to make this showing, the Court must dismiss the § 2241 due to the lack of jurisdiction. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003),

In Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy under a § 2255 motion would be "inadequate or ineffective" if a petitioner is <u>actually innocent</u>, but <u>procedurally barred</u> from filing a second or successive motion under § 2255. Ivy, 328 F.3d at 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any

3

way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-61.

Here, Ivy is dispositive of Petitioner's contention. In that case, the petitioner was convicted in the Missouri district court of engaging in a continuing criminal enterprise. After an unsuccessful appeal, Ivy filed three § 2255 motions. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In his § 2241 habeas corpus, filed in the District of Arizona where he was confined, he asserted he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Id. at 1058. The Arizona court dismissed the petition because Ivy had not shown that § 2255 was inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above. Ivy, at 1059. In explaining that standard, the Ninth Circuit stated:

> [I]t is not enough that the petitioner is *presently* barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims and held that the law regarding continuing criminal enterprises had not changed after his conviction and that he had an opportunity to raise this claim in the past. Id. at 1061.

As in Ivy, here, Petitioner cannot establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raised these claims in his original appeal or in his earlier § 2255 motions. To the contrary, Petitioner raised the very issues he is now raising in the instant petition in his two prior motions in the trial court. Despite this, Petitioner contends that he did not have an "unobstructed procedural shot" at raising these issues because his trial counsel had a conflict of interest and because, after Petitioner pointed out numerous acts of prosecutorial misconduct, the trial court refused to recuse itself. He asserts that this confirmed his contention that the District Judges in the District of Alaska were "corruptly covering up government misconduct, [and] had a personal or racial bias against petition." (Doc. 1, p. 54). Petitioner argues that, since he never got a hearing on the merits in the trial court, he is justified is bringing this habeas petition; Petitioner is mistaken. To the contrary, Petitioner raised these same issues twice before, but those motions were denied. Thus, Petitioner demonstrates not that he lacked

the opportunity to seek redress from the trial court in a § 2255 proceeding but that he disagreed with the outcome of those petitions.

Accordingly, Petitioner has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred by the AEDPA from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

Moreover, Petitioner has failed to show he is actually innocent of the charges against him. "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998)(*quoting* Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851 (1995)); Stephens v. Herrera, 464 F.3d 895, 898 (9th cir. 2008). "[A]ctual innocence means factual innocence, not mere legal insufficiency," and "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. at 623-624. However, a petitioner's obligation to demonstrate actual innocence is limited to crimes actually charged or consciously forgone by the Government in the course of plea bargaining. See, e.g., id. at 624 (rejecting government's argument that defendant had to demonstrate actual innocence of both "using" and "carrying" a firearm where the indictment only charged using a firearm).

Although the United States Supreme Court has not provided much guidance regarding the nature of an "actual innocence" claim, the standards announced by the various circuit courts contain two basic features: actual innocence and retroactivity. E.g., Reyes-Requena v. United States, 243 F.3d 893, 903 (5th Cir. 2001); In re Jones, 226 F.3d 328 (4th Cir. 2000); In re Davenport, 147 F.3d 605 (7th

Cir. 1998); Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). The "core idea" expressed in these cases is that the petitioner must have been imprisoned for conduct that was not prohibited by law. Reyes-Requena, 243 F.3d at 903. To incarcerate one whose conduct is not criminal "inherently results in a complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298 (1974).

Petitioner's claim of actual innocence is not based upon any new federal statute or case or upon any newly discovered evidence. Instead, Petitioner's claim is comprised of a lengthy discussion of the evidence presented at trial, complete with numerous citations to the trial transcript, in which Petitioner contends that evidence presented by the prosecution was not credible, was insufficient to convict, or was untrustworthy, while arguing evidence presented by the defense should have been given greater weight. Clearly, such arguments fall far short of the Schlup standard. Petitioner's argument is simply a request for this Court to re-weigh the evidence presented to the federal jury at his original trial and carefully reviewed for sufficiency by the Ninth Circuit on appeal and find more favorably to Petitioner. In sum, Petitioner is asking for a second, or in this case, a third or fourth, bite at the apple. That is neither the intent nor meaning of the savings clause. Because Petitioner has failed to establish he is actually innocent or that § 2255 was inadequate or ineffective, he does not come within the savings clause and cannot use habeas corpus as a substitute for challenging his conviction and sentence.

As set forth above, § 2255 motions must be made in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-865. Because this Court is merely the custodial court and the petition is, in fact, a § 2255 motion, this Court lacks jurisdiction and the matter must be dismissed. Hernandez, 204 F.3d at 864-865.

**ORDER**

For the foregoing reasons, the Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be **DISMISSED** for lack of jurisdiction.

1   This Findings and Recommendation is submitted to the United States District Court Judge
2   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
3   Local Rules of Practice for the United States District Court, Eastern District of California.  **Within 21**
4   **days** after being served with a copy of this Findings and Recommendation, any party may file written
5   objections with the Court and serve a copy on all parties.  Such a document should be captioned
6   "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be
7   served and filed **within ten days** (plus three days if served by mail) after service of the Objections.
8   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
9   parties are advised that failure to file objections within the specified time may waive the right to
10  appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  IT IS SO ORDERED.

13       Dated:   **August 13, 2015**                      **/s/ Jennifer L. Thurston**
14                                                                          UNITED STATES MAGISTRATE JUDGE

7