UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK O. WILLIAMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RAFAEL ZUNIGA,<br><br>　　　　Respondent. | Case No.: 1:15-cv-01208-AWI-JLT<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (Doc. 23) |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

The instant petition was filed on August 4, 2015. (Doc. 1). On August 13, 2015, the Magistrate Judge entered Findings and Recommendations to dismiss the petition for lack of habeas jurisdiction. (Doc. 4). On October 16, 2015, the District Judge adopted those Findings and Recommendations, entered judgment against Petitioner, and ordered the file closed. (Docs. 21; 22). On November 2, 2015, Petitioner filed the instant motion for reconsideration. (Doc. 23).

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3)

1

fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Here, Petitioner has failed to meet the requirements for granting a motion for reconsideration: He has not shown "mistake, inadvertence, surprise, or excusable neglect;" he has certainly not shown the existence of either newly discovered evidence or fraud; he has not established that the judgment is either void or satisfied; and, finally, Petitioner has not presented any other reasons justifying relief from judgment. Moreover, pursuant to the Court's Local Rules, Petitioner has not shown "new or different facts or circumstances claimed to exist *which did not exist or were not shown upon such prior motion*, or what other grounds exist for the motion." Local Rule 230(j). (Emphasis supplied).

Indeed, Petitioner's sole argument for reconsideration is his self-serving allegation that he "has made a showing beyond a preponderance of the evidence that he has not had an unobstructed procedural shot…" at raising his claims of prosecutorial misconduct, ineffective assistance of counsel, and judicial misconduct and bias. (Doc. 23, p. 1). Contrary to Petitioner's allegations, the Magistrate Judge noted in her Findings and Recommendations that Petitioner had raised these very arguments in the sentencing court with his two prior motions pursuant to 28 U.S.C. § 2255. (Doc. 4, p. 4).

In sum, Petitioner has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b), and therefore his motion for reconsideration must be denied.

**ORDER**

Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. 23), is DENIED.

IT IS SO ORDERED.

Dated:   November 6, 2015                              /s/ signature

                                                      SENIOR  DISTRICT  JUDGE